IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE HERNANDEZ,

       Petitioner,

v.                                              CIV 00-480 JP/KBM

JOE WILLIAMS, Warden, and
PATRICIA A. MADRID, Attorney General

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on George Hernandez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, *Doc. 1,* and Respondents' Answer and Motion To Dismiss Petition With Prejudice, *Docs. 9, 10.* Because Petitioner filed after the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards[1] apply to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 93 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* Having considered the arguments, pleadings, and relevant law, I find the petition without merit and recommend that it be denied.

---

[1] A federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an unreasonable application of . . . Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S. ___ , 120 S. Ct. 1495 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000).

## I.  History

Petitioner was charged with one count of possession of marijuana with intent to distribute in violation of N.M. STAT. ANN. § 30-31-22(A)(1).  The first jury trial resulted in a mistrial because, upon polling the jury on its guilty verdict, it was determined the verdict was not unanimous.  At his second trial, the jury found him guilty.  Subsequently, the state filed a supplemental information alleging Petitioner to be a "habitual offender" due to three prior felony convictions for receiving stolen property, burglary/larceny and robbery.   Hernandez received a sentence of eighteen months incarceration on the possession count, and, having been found to be a habitual offender, received an additional eight-year consecutive sentence of incarceration.  *See Answer, Exhs. B, L.*

The procedural history of this case in the state courts was tortuous and will not be recounted in detail here.  I have reviewed the entire record, however, and note that each of the five claims presented in this federal petition have been exhausted in the state courts.

## II.  *Stone v. Powell* Precludes Relief Based On Fourth Amendment Claims

Petitioner's first and second claims for relief are based on allegations of a warrantless search and an unlawful seizure.  These claims were raised by counsel in a motion to suppress prior to trial.  The trial court's order denying the motion notes that a hearing was held outside the presence of the jury. *Answer, Exhs. D, E.*  It does not appear that these claims were raised on direct appeal after his second trial.  However, they were raised by Petitioner *pro se* in his last state habeas proceeding where the state court is empowered to hold evidentiary hearings.  *See* S.C.R.A. 5-802(E)(3).  The judge summarily denied habeas relief without an evidentiary hearing, noting that the Fourth Amendment issues had been litigated prior to trial.  *Answer, Exh. AM.*

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 494 (1976); *see also Smallwood v. Gibson,* 191 F.3d 1257, 1265 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 88 (2000). Because Petitioner was provided avenues to raise the claim both prior and after trial, I find that the "opportunity" requirement is satisfied. *See Miranda v. Cooper,* 967 F.2d 392, 4012 (10th Cir.), *cert. denied,* 506 U.S. 924 (1992); *Gamble v. Oklahoma,* 583 F.3d 1161, 1164-65 (10th Cir. 1978). Thus, his Fourth Amendment claims cannot provide a basis for federal habeas relief.

### III.  Attorney Conflict and Judge Recusal Claims

#### A.  Factual Background

Exhibits L and N of Respondents' Answer establish that Mario Torres represented Petitioner at his second trial before the Honorable Frank Wilson. Immediately following trial, Mr. Torres filed a motion for a new trial on the ground that Petitioner's brother (who was serving a twenty-five year sentence) admitted to concealing the drugs in the car in question. After the motion for a new trial was filed, the state filed a supplemental criminal information alleging Petitioner to be a habitual offender. The information identified the three prior convictions and recited that the judgments were attached. The record in this case does not contain those attachments, but apparently one showed Mr. Torres as the prosecuting attorney. Yet another attachment either showed Judge Wilson as the prosecuting attorney or allegedly should have alerted Judge Wilson to that effect.

3

The hearing on the motion for a new trial was aborted when Petitioner's brother attempted to escape. The hearing recommenced later and Judge Wilson denied the motion. Mr. Torres informed the court that Petitioner did not want his representation on the supplemental information, and Judge Wilson ordered Petitioner to find new counsel.

The habitual offender phase of the proceedings were subsequently set, but Petitioner had not yet retained new counsel so Mr. Torres moved to withdraw. Over opposition by the state, the court allowed withdrawal and ordered Petitioner to apply for representation by office of the public defender which thereafter represented him through his direct appeals. Judge Wilson recused himself from any further proceedings, and the Honorable Sandra Grisham heard the habitual offender phase of the proceedings.

### B. Procedural Background

Petitioner's third claim asserts that Mr. Torres was confronted with a conflict of interest because he had been the prosecutor in one of the "enhancing" prior convictions and was called on to testify at the habitual offender hearing. Petitioner's fourth claim is that Judge Wilson failed to *sua sponte* recuse himself although he was the prosecutor for one of the prior convictions used to enhance his sentence. Hernendez alleges violations of the federal constitution and state ethical standards.

These claims were raised by counsel on direct appeal and again *pro se* in state habeas proceedings. *See Answer, Exhs. L, AL.* On appeal, the claims were rejected on the merits based on the conclusion (without explanation) that Petitioner suffered no "prejudice." *See id., Exh. M at 2; Exh. O at 1,3; Exh. T at 4.* In the state habeas proceedings, Judge Jerry Ritter explained the basis for his rejection of the claims as follows:

4

       3.  Petitioner alleges that his right to due process was violated because his trial defense attorney was the prosecutor on one of this prior felony convictions and then was a witness at his habitual offender sentencing hearing.  Petitioner's factual allegations are not supported by the record.  While it does appear that trial defense counsel Mario Torrez may have been a prosecutor involved in some way in one of Petitioner's prior felony convictions, there is no evidence that the existence of that conviction became an issue or affected the jury trial on the underlying offense in any way.  After conviction at trial, when supplemental sentencing proceedings appeared that they would involve that prior conviction, defense counsel expressed his discomfort with the situation and was allowed to withdraw and was replaced by the public defender; Petitioner told the Court that he supported the substitution of counsel because he could no longer afford private counsel anyway.  The only witness to testify at the subsequent sentencing hearings on April 22, 1996, and August 20, 1996, was a detective from the sheriff's office; Mario Torrez did not testify.

       4.  Petitioner alleges that he was denied due process and equal protection in that the judge who presided over his case had also previously prosecuted him.  The issue was not raised at the trial on the merits, and it does not appear that the previous prosecution was raised at the trial on the merits or was in issue in any way.  At the initiation of the habitual offender proceedings after trial, on February 19, 1996, the judge's status as a previous prosecutor was raised by the defense, and the judge recused.  All of the sentencing proceedings took place before the subsequently-assigned judge.

*Id., Exh. AM*.

### C.  Analysis

On federal habeas review, state factual findings are presumed correct.  Here, Petitioner sets forth no evidence, much less "clear and convincing evidence," to defeat that presumption.  Thus, I review these claims in light of the factual findings made by the state court above.  *See* 28 U.S.C. § 2254(e)(1); *see also e.g., Valdez v. Ward,* 219 F.3d 1222, 1231 (10th Cir. 2000).

The state judge found that Mr. Torres did not testify during the habitual offender proceedings.  Thus, the factual basis for Petitioner's claim – that an actual "conflict of interest arose when counsel was called to testify as a witness against him during the habitual offender

5

proceedings" – is nonexistent. *See Doc. 1 at 9.* The prior conviction in which Mr. Torres was the prosecutor was found to have not affected the jury trial in any way. A "conflict does not arise any time defendant and his counsel had prior dealings that may have been at odds; rather, the interests of counsel and defendant must be divergent in the current litigation, such that the attorney has an interest in the outcome of the particular case at issue that is adverse to that of the defendant." *Hale v. Gibson,* 227 F.3d 1298 (10th Cir. 2000). Moreover, a mere violation of state ethical standards cannot support a constitutional claim. *Selsor v. Kaiser,* 81 F.3d 1492, 1502 n. 5 (10th Cir. 1996).

Petitioner did not object to Torres' representing him during the trial phase, nor did he argue in the state proceedings or here that Torres' representation was ineffective. Because there was no actual conflict and because Torres withdrew before the habitual offender hearing thereby eliminating any potential conflict, there is no basis for finding a constitutional infirmity. *Compare Hale,* 227 F.3d at 1313; *Edens v. Hannigan,* 87 F.3d 1109, 1114-15 (10th Cir. 1996); *Selsor,* 81 F.3d at 1504 (10th Cir. 1996); *Church v. Sullivan,* 942 F.2d 1501 (10th Cir. 1991).

Judges are presumed to be able to overcome potentially biasing influence and to fairly decide cases, and, again, violation of state ethical standards cannot support a due process claim. *See Fero v. Kerby,* 39 F.3d 1462, 1479-80 (10th Cir. 1994), *cert. denied,* 515 U.S. 1122 (1995). To establish a due process violation in habeas on the ground that a judge should have been disqualified, Petitioner must show that Judge Wilson "actually biased" or that "an appearance of bias created a conclusive presumption of actual bias." *See id.* at 1478-89 (10th Cir. 1994).

Nowhere in the state proceedings or here did Petitioner argue actual bias, nor does the record contain any evidence of actual bias. The fact that Petitioner was unsuccessful in his motion

for new trial is not evidence of bias.  *See Phelps v. Hamilton,* 122 F.3d 1309, 1323 (10th Cir. 1997).  Moreover, the state judge found that the prior conviction played no role in the trial phase. Because Judge Wilson recused himself from the only proceedings where the prior sentence became relevant, I find that "any biasing influence from the circumstances here was too remote and insubstantial to create a presumption of bias. . . . [and] overcome the presumption of evenhandedness."  *Fero,* 39 F.3d at 1480.

## IV.  Double Jeopardy

On direct review, the New Mexico Court of Appeals found that while the State had introduced sufficient evidence to establish the existence of the prior convictions, its evidence failed to establish the "sequence of prior convictions required by [*State v. Linan,* 93 N.M. 307 (1979)]."  *Answer, Exh. T at 4.*  The matter was remanded to allow Petitioner to allocute and for the State to establish the sequence of the convictions.  After remand, Petitioner appealed and included a violation of double jeopardy argument.  *See id., Exh. AE, Exh. AG.*  Rejecting this argument, the New Mexico Court of Appeals held that:

> double jeopardy protections do not apply to habitual-offender proceedings, which determine only the sentence, not guilt or innocence.  *See State v. Freed* [121 N.M. 569, 915 P.3d 325 (Ct. App. 1996)].  As recognized in *State v. Aragon,* 116 N.M. 267, 269, 861 P.2d 948, 950 (1993), *Linam v. Griffin,* 685 F.2d 369, 372 (10th Cir. 1982), holds that jeopardy does not attach to New Mexico habitual offender proceedings.  *Aragon* . . . further notes the federal *Linam* holding that even if double jeopardy did attach to habitual offender proceedings, no prohibition applies to situations regarding the sequence of prior convictions because that involves a formal, not substantive, matter.  In addition, *Aragon* . . . notes the distinction between New Mexico's habitual proceedings and those addressed in *Bohlen v. Caspari,* 979 F.3d 109, 113 (8th Cir. 1992).  The applicable habitual proceeding in *Bohlen* had protections similar to a trial on guilt or innocence, as opposed to

7

>the New Mexico's habitual procedure which tends to be a formality with little resemblance to a trial. Because of these distinctions, we hold that the present case does not present a situation where applicable federal law grants broader protection to a defendant.

*Id., Exh. AH,* at 3-4.

Petitioner's final claim is that the remand itself constituted double jeopardy. In *Linam*, the "narrow issue" was identical to that presented here by Petitioner: "whether double jeopardy arises from the remand to ascertain the time of the prior offenses." *Linam v. Griffin,* 685 F.2d 369, 371 (10th Cir.1982), *cert. denied,* 459 U.S. 1211 (1983). The Tenth Circuit found no double jeopardy violation. That holding has not been overruled and remains good law. *See Montoya v. New Mexico,* 55 F.3d 1496, 1498 (10th Cir. 1995). Thus, Petitioner's final claim is without merit.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Respondents' Motion To Dismiss Petition With Prejudice, *Doc. 10,* be granted and this action dismissed.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE